J. W. BEIDELMAN, Respondent, *v.* BENJAMIN C. POWELL, Appellant.

### April 26, 1881.

1. The words "held in trust," when used in a fire-insurance policy, embrace goods held by the insured as bailee.
2. Where one insures a stock of goods as "his own, held in trust," etc., and, upon the happening of a loss, in his proofs thereof specifies certain goods held as bailee, describing them and giving their value and the name of the owner, and afterwards compromises with the insurer for a sum less than his own claim, the bailor is entitled to a *pro rata* share of the amount received.

APPEAL to the St. Louis Circuit Court, ADAMS, J. . *Affirmed.*

LEE & CHANDLER, for the appellant: The appellant, under the facts of this case, was entitled to pay himself in full before any liability arose to account for insurance-money to his bailor. — *Dalgleish* v. *Buchanan*, 16 Scot. Ct. of Sess. Cas. (N. S.) 302 ; *Waters* v. *Monarch Ins. Co.*, 5 El. & Bl. 870 ; *Home Ins. Co.* v. *Warehouse Co.*, 93 U. S. 527 ; *Stillwell* v. *Staples*, 19 N. Y. 401 ; *London R. Co.* v. *Glyn*, 1 El. & El. 652 ; *Rietenbach* v. *Johnson*, 10 Ins. L. J. 15.

NOBLE & ORRICK, for the respondent : The carpets of the respondent, under the terms of the policies, were held in trust for him by appellant, at the date of the fire, and were covered and insured by said policies. — *Home Ins. Co.* v. *Warehouse Co.*, 93 U. S. 543 ; *Hugh* v. *Insurance Co.*, 36 Md. 398. And having included the carpets in his proofs of loss, and having been paid therefor, he is liable for the amount so received. — *Stilwell* v. *Staples*, 19 N. Y. 406 ; *Watkins* v. *Duryand*, 1 Port. 25 ; *Siters* v. *Morritz*, 13 Pa. St. 218. Appellant, under the policies, cannot satisfy his own loss first out of the insurance-money. He must *pro rata* with respondent. — *Waters* v. *Insurance Co.*, 5

El. & Bl. 879 ; *London R. Co.* v. *Glyn*, 1 El. & El. 652 ; *De Forest* v. *Insurance Co.*, 1 Hall, 136.

LEWIS, P. J., delivered the opinion of the court.

The defendant, a carpet merchant, had his entire stock and fixtures insured in several companies, to the aggregate amount of $50,000, of which $2,000 was on account of the fixtures. The policies were expressed to insure the defendant " on such merchandise as is usually kept in wholesale and retail carpet stores, his own, held in trust, on commission, or sold but not delivered, contained in the four-story brick building situate No. 305 North Fifth Street, St. Louis." The plaintiff had sent to the defendant, to be renovated and repaired, a lot of carpets, of the value of $500, and these were in the defendant's storehouse when the building and its contents were destroyed by fire. There was a provision in each of the policies, to the following effect : " In case of loss on property held in trust, or on commission, or if the interest of the insured be other than the entire and sole ownership, the names of the respective owners shall be set forth in the proofs of loss, together with their respective interests therein." In the proofs of loss tendered by the defendant, the items of his own property are summed up at $57,138.28, and this amount is followed by two items, stated thus : —

Add merchandise held in trust, belonging to J. W.
Beidelman, of Little Rock, Ark. . . . . . . . .    $500 00
Add merchandise held on commission, belonging to
Ammidown, Lane & Co., N. Y. . . . . . . . .     551 76
                                                _____
Total . . . . . . . . . . . . . . . .  $1,051 76

The grand total of loss is thus made $58,190.04. The plaintiff had not authorized any insurance upon his property, nor had he any knowledge of such insurance, so far as the record shows, until after the fire. The defendant's claim was submitted to arbitrators, who fixed the entire loss

at $49,140.17. There were disagreements and litigation, resulting in a compromise whereby the defendant was paid $45,000, in satisfaction of his entire claim. The plaintiff instituted this suit for a *pro rata* share of the insurance-money, and obtained judgment for $206.49; which appears to have been fairly estimated, if there was a right of recovery at all.

The only difficulty about deciding this case arises from the fact that the defendant realized from the insurance companies an amount less than that for which he was insured on his own property, and less than the amount of his individual loss, as claimed by him and ascertained by the arbitrators. It is insisted in his behalf that, whatever might be the plaintiff's rights under the policies, if all the losses were paid for, the defendant is here entitled to apply all the proceeds to his own losses; and only in the event of a surplus remaining after full indemnity to himself, would he be bound, as trustee, to pay anything towards indemnifying the plaintiff. The solution of the question thus presented may be most easily reached by first determining how the parties would stand, if the insurers had paid a full indemnity, according to the terms of the policies and the proofs of loss. Upon that aspect of the case we have, from harmonious English and American adjudications, an abundance of light, which leaves nothing in any shadow of doubt.

The general principles governing this case are those which uniformly apply to the consignor and consignee of goods for storage, or sale on commission. The consignee becomes, for certain purposes, an agent of the consignor. He occupies toward him a trust relation, which is held to be embraced within the expression " held in trust,"? as used in many policies. *Waters v. Insurance Co.*, 5 El. & Bl. 870. If he insures the goods in his own name, he will hold the policy and its benefits in trust for the owner, subject to his own prior claim for fees or advances, or other proper charges;

and, in case of loss, may recover the whole amount from the insurer, without any abatement on account of the ownership in another. *Home Ins. Co.* v. *Warehouse Co.*, 93 U. S. 543. If, however, the insurance be thus effected without authority from the owner,. or without his knowledge, the case is like any other wherein an agent does·an unauthorized act. The principal may ratify and make it effectual, to the ends above stated; but, until such ratification, or until, upon the happening of a loss, the agent collects the insurance-money, the agent may at any time surrender or abandon the insurance, with like effect as if it had not existed. If he receive money upon the loss, he cannot then abandon or deprive the principal of his equity in the fund which represents, and constitutes, as it were, the product of property whereof he was the owner. *Stillwell* v. *Staples*, 19 N. Y. 401; *London R. Co.* v. *Glyn*, 1 El. & El. 652. It may happen, however, that the agent has property of his own insured in the same policy; there has been no ratification by the principal, as to the insurance on his goods; a loss occurs, and the agent collects only the indemnity due on his own interest in the policy. There can be no claim upon him then, by the principal, since there is neither a ratification nor a collection within the conditions above stated. Such was the practical result in *Stillwell* v. *Staples, supra.*

Still, supposing that this case were not complicated by the failure of the insurers to pay the full amount of the loss, it is easy to perceive that, according to the foregoing rules, the defendant would be liable to pay to the plaintiff the amount received on the latter's goods, less such charges for work done, storage, etc., as might create an interest in the same property, held by the defendant himself. The plaintiff's goods were covered by the insurance, under the expression "held in trust." ·Their value was itemized in the defendant's claim of losses. It was agreed that the arbitrators should ascertain the amount of loss "to the

merchandise covered by the insurance." It cannot be denied that the defendant applied for indemnity on account of his principal's goods, as was not done in *Stillwell* v. *Staples*, 19 N. Y. 401.

Let us now inquire whether any difference in results may arise from the reduced payment by the insurers, following the compromise. The defendant's counsel here presses on our attention the qualification found in all the authorities, that, when the indemnity realized is not sufficient to cover all losses, the agent is entitled to retain for himself an amount which will fully cover his own interest in the property, and will be liable to the principal for so much only as may thereafter remain. Hence, if the indemnity falls short of the agent's interest, the principal will get nothing. But the rule has no such application as is here attempted. It is applied only to the agent's interest in the same property which he held in trust for the principal. To construe it as operating upon the agent's interest in other property which he has insured for himself, would be to mix diverse interests and rights which have no proper association. The two insurances are as distinct as if they were contained in separate policies. Suppose a policy insures nothing besides the property held in trust. The right of the principal to whatever may remain after the agent's indemnification, on account of his special interest in that property, will be fixed by the established rules of law. Is it possible to conceive that this right may be abridged or annulled by a mere act of the agent, who may afterwards cause to be included in the policy an insurance upon goods belonging to himself? Such would be a necessary, but absurd, result of the application here contended for.

It is insisted for the defendant that his mention of the plaintiff's property in the proofs of loss should have no influence in any way, because this was simply in obedience to a distinct requisition in the policies. But, clearly, that requisition means nothing more than that, as to property

held in trust, etc., "the names of the respective owners, * * * together with their respective interests therein," shall be furnished, whenever a claim is preferred on account of the loss of such trust-property. If no such claim be made, it will simply be waived, and no possible harm can result, touching the insurance on other property. The requisition is reasonable and proper for the information of the insurers, and a compliance with it distinctly indicates a claim for indemnity on account of such "owners" and their "respective interests." The insertion of these items in the defendant's proofs of loss was properly so treated by the arbitrators, under the terms of their appointment, and made a part of the aggregate claim which formed the basis of the compromise. This compromise necessarily applied, proportionally, to each of the parts which made up the aggregate. The defendant accepted, in full satisfaction of the entire claim so compounded, a reduced sum. We do not see how a case could be made, more proper for a *pro rata* division of proceeds. If the two insurances had been equal in amount, and a compromise settlement of both had been effected at fifty per cent, it strikes one as something palpable, and not to be reasoned about, that the amount received should be divided equally between the two claims. A difference of proportion can make no difference in the principle.

The judgment is affirmed. All the judges concur.